UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSEX INSURANCE COMPANY,
a Delaware corporation,

          **Plaintiff,**

vs.

RODGERS BROS. SERVICES, INC.
a Florida corporation,

          **Defendant.**
_____/

*Consolidated with*                    Consolidated Case No. 8:05-CV-648-T-27TBM

WESTERN WORLD INSURANCE
COMPANY, a foreign corporation,

          **Plaintiff,**

vs.

RODGERS BROS. SERVICES, INC.
a Florida corporation, and PALL
AEROPOWER CORPORATION,
a foreign corporation,

         **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** are Macduff Pinellas Underwriters, Inc.'s Motion to Dismiss First Amended Third-Party Complaint (Dkt. 47), Assurance Risk Managers, Inc.'s Motion to Dismiss First Amended Third-Party Complaint (Dkt. 48), Essex Insurance Company's Motion to Dismiss Amended Third-Party Complaint (Dkt. 50), and Rodgers Bros. Services, Inc.'s Opposition (Dkt. 58). Upon consideration, the Third-Party Defendants' motions are GRANTED.

On March 17, 2005, Rodgers Bros. filed this third-party action alleging negligent misrepresentation against Macduff (Count I) and negligence and negligent misrepresentation against Assurance (Count III). (Dkt. 45). Rodgers Bros. also asserts claims for vicarious liability (for the alleged negligence of Macduff) and reformation against Essex (for the alleged mistakes and/or negligence of Essex, Macduff, and/or Assurance) (Counts II and IV). (Dkt. 45). The Third-Party Defendants seek dismissal of Rodgers Bros.' First Amended Third-Party Complaint on grounds that: (1) the action is premature and is not properly before the Court until such time as the underlying insurance action is resolved; and (2) Rodgers Bros. waived its action for reformation against Essex by failing to plead it as a counterclaim in its answer to Essex's Complaint in the underlying action.

## 1. *Prematurity*

A claim against an insurance agent for negligence does not accrue until the underlying action against the insurance company is final. *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 (Fla. 2001); *see also Pollywog Transp., Inc. v. Abest Agencies, Inc.*, No. 8:04-CV-267-T-26EAJ, 2004 WL 2673225, at *1 (M.D. Fla. July 16, 2004). Until a denial of insurance coverage is upheld and the underlying insurance claim is resolved, Rodgers Bros. claims against Macduff and Assurance are premature. *See id.* Similarly, in as much as Rodgers Bros.'s vicarious liability claim against Essex stems from its negligent misrepresentation claim against Macduff, the vicarious liability claim is also premature.

## 2. *Waiver*

"A compulsory counterclaim is waived unless it is served in the answer." *Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.*, 807 So. 2d 669, 672 (Fla. Dist. Ct. App. 2001). An insured's action for reformation of an insurance policy is a compulsory counterclaim to the

insurer's declaratory action addressing its duties under the policy.[1] *Mascotte v. Fla. Mun. Liab. Self. Insurers Program*, 444 So. 2d 965, 966-67 (Fla. Dist. Ct. App. 1983), *rev. denied*, 451 So. 2d 847 (Fla. 1984); *see also Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 19 (Fla. 1992) (failure to raise a compulsory counterclaim in an underlying suit will result in a waiver of that claim).

Essex filed its original Petition for Declaratory Judgment against Rodgers Bros. on April 4, 2005, giving rise to the underlying action. (Dkt. 1). Rodgers Bros. filed its Answer and Affirmative Defenses on August 22, 2005. (Dkt. 6). The Answer did not include a counterclaim for reformation.[2] By failing to raise a counterclaim for reformation against Essex in its Answer in the underlying action, Rodgers Bros. waived its reformation claim in this third-party case. *See Kellogg*, 807 So. 2d at 672.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1) Macduff Pinellas Underwriters, Inc.'s Motion to Dismiss Rodgers' First Amended Third-Party Complaint (Dkt. 47) is **GRANTED**.

2) Assurance Risk Managers, Inc.'s Motion to Dismiss Rodgers' First Amended Third-Party Complaint (Dkt. 48) is **GRANTED**.

3) Essex Insurance Company's Motion to Dismiss Amended Third-Party Complaint (Dkt. 50) is **GRANTED**.

---

[1] A compulsory counterclaim is "a defendant's cause of action arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim." *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 19 (Fla. 1992).

[2] Even if a reformation claim was not waived, Rodgers Bros. has not moved to amend its Answer to include the compulsory counterclaim.

3

4)     Rodgers Bros. First Amended Third-Party Complaint (Dkt. 48) is **DISMISSED**.[3]

**DONE AND ORDERED** in chambers this 11th day of August, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[3] "All elements of a cause of action must exist and be complete before an action may properly be commenced." *Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 24 (Fla. Dist. Ct. App. 2003) (*citations omitted*). "In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the action until the cause matures." *Id.* However, in actions such as this one, where the action is premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur, dismissal of the action without prejudice is the better course. *Id.* at 25.