UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSEX INSURANCE, a
Delaware corporation,

    Plaintiff,

vs.

RODGERS BROTHERS, SERVICES, INC.
a Florida corporation,

    Defendant.
_____/

WESTERN WORLD INSURANCE
COMPANY, a foreign corporation

    Plaintiff,

vs.

RODGERS BROS. SERVICES, INC.
a Florida corporation, and PALL
AEROPOWER CORPORATION,
a foreign corporation,

    Defendants.
_____/

Consolidated Case No.:

8:05-cv-00648-T-17-TBM

8:05-cv-980-T-17-TBM

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court on the Report and Recommendation (Docket No. 111) issued by the Honorable Thomas B. McCoun II, United States Magistrate Judge, objections thereto (Docket No. 112) and responses to those objections. (Docket Nos. 120-122).

    Plaintiff, ESSEX INSURANCE COMPANY ( ssex , and Defendant, RODGERS BROS. SERVICES, INC. ( odgers Bros. , filed a joint motion (Docket No. 82) seeking an initial ruling

1

on the are, custody or control provision in the Defendant general liability policy with WESTERN WORLD INSURANCE COMPANY ( estern World. Specifically, the parties seek resolution as to whether the subject Mori Seiki machine base unit ( ase unit was in the care, custody or control of Rodgers Bros. when it was damaged in an accident, and, therefore, covered by a Moving and Rigging Floater Policy issued by Essex. Or whether it was *not* in their control, and, therefore, covered by the Western World Policy. Both Essex and Rodgers Bros. contend that the milling machine was *not* in the care of Rodgers Bros., and is, therefore, covered by the Western World policy. Western world contends that the machine was in the care of Rodgers Bros., and is therefore exempt from coverage.

This Court, under the authority of 28 U.S.C. 36(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02, Local Rules of the Middle District of Florida, referred the motion to Judge McCoun, by Order of Referral dated December 11, 2006 (Docket No. 92), to conduct proceedings and issue a report and recommendation on the are, custody or control issue in this case.

Judge McCoun heard oral arguments on January 31, 2007, and issued his Report and Recommendation ( & R (Docket No. 111) on June 5, 2007. Judge McCoun determined that the subject machinery was not in the care, custody or control of Rodgers Bros. at the time that it was damaged.

After reviewing Judge McCoun findings in light of Plaintiff Western World objections, this Court adopts the Magistrate Judge report and recommendation.

## STANDARD OF REVIEW

A United States District Court Judge may designate a United States Magistrate Judge to hear a case and submit proposed findings in a report and recommendation ( & R for the disposition of a motion. 28 U.S.C. 36(b)(1)(B); Rule 72(b) F.R.C.P. Any issue of fact within the R & R

2

that is objected to by any party to the case is considered by the district court under a de novo standard of review. Id.; *see also* U.S. v. Raddatz, 447 U.S. 667 (1980) (upholding the constitutionality of the provision). However, issues of law, and those issues of fact not objected-to by any party are reviewed under a clearly erroneous standard. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988). The Court may accept the Magistrate Judge R & R in whole, reject it in whole, or modify it, in whole or in part.

## FACTUAL HISTORY

This Court adopts Judge McCoun R & R in whole. The facts and issues of this case are presented for the benefit of the reader, and are not intended to replace, modify, or supplement the findings of the R & R in any way.

Rodgers Bros. is a Florida corporation that specializes in the transportation of industrial machinery. On or about September 1, 2003, Essex issued to Rodgers Brothers a Moving and Rigging Floater Policy. The policy read, in pertinent part:

> I. This policy insures property: in the care custody, or control of the Assured for the purpose of transportation, installation, rigging, moving, or erection. Such property consisting principally of INJECTION MOLDS, INDUSTRIAL MACHINERY, HVAC AIR HANDLER PLACEMENT.
>
> II. This Policy Insures Against: All Risks of direct physical loss or damage to the insured property from any external cause (except as herinafter excluded) while being moved [by certain specified equipment].

(Docket No. 1-2 at 2) (emphasis in original).

Around the same date, Western World issued to Rodgers Bros. a Commercial Lines Policy with effective dates from September 1, 2003, to September 1, 2004. The commercial general liability coverage form of the policy was subject a care, custody or control exclusion. The provisions read, in pertinent part:

1. Exclusions
    This insurance does not apply to: j. Damage to property.
    roperty damage to: 4) Personal property in the care,
    custody or control of the insured.

Case No. 8:05-cv-980-T-27TBM (Docket. 1-3 at 9, 12).

In or about March 2004, Rodgers Bros. entered an agreement to move two industrial ori Seiki machines, and other related components. The machines belonged to Pall Aeropower ( all , and were being moved into its facility. Pall supervisors developed detailed plans indicating precisely where the machines were to be placed. Pursuant to those plans, Pall safety committee had the designated area cleared and cordoned-off with caution tape.

On March 15, 2004, Rodgers Bros. employees unloaded the specified machines ne base unit and one tool changer nto an area designated by Pall. Rodgers Bros. first moved the base unit, placing and positioning it according to Pall specifications. While moving the second machine, the tool changer, a bracket pivoted, causing it to fall onto the base unit. Both machines were left inoperable.

It is undisputed that once the base unit was satisfactorily in place, Rodgers Bros. would have no more involvement with the machine. The parties agree, however, that Rodgers Bros. would return at some point in the future to lift the tool changer so the two machines could be attached. It is also undisputed that the tool changer was in the care, custody or control of Rodgers Bros. and that it is covered by the Essex policy.

Pall presented a claim to Rodgers Bros. for losses in excess of $400,000.00. Rodgers Bros. submitted the claim to Western World under the commercial liability policy, and another to Essex under the Moving and Rigging Floater policy for damages of approximately $550,000.00.

In a complaint for Declaratory Relief, filed May 24, 2004, Western World sought a finding that the damage to the equipment was excluded under the general liability policy. The parties

agree that are, custody or control issue is a primary concern, and will affect the possible resolution of other disputed. As such, they have asked that initial ruling be made on the are, custody or control issue. They seek deferment ruling on the pending motions as resolution of this issue may provide grounds for settlement.

## PROCEDAL HISTORY

On April 4, 2005, Essex filed a Petition for Declaratory Judgment. (Case No. 8:0-cv-648 (Docket No. 1)). Separately, Western World filed a complaint for Declaratory Relief on May 24, 2004. (Case No. 8:05-cv-980-T-27TBM (Docket No. 1)). Upon stipulated motion of the parties, this court consolidated the two cases on September 20, 2005. (Docket No. 10).

On October 30, 2006, Western World, Essex, and Rodgers Bros. each filed cross-motions for dispositive relief. (Docket Nos. 73, 74, 74). Each party has also filed responses to those motions. (Docket Nos. 79, 80, 81, 83, 85, 86). Ruling on those motions is reserved until resolution of the are, custody or control provision, as per the Joint Motion Requesting Initial Ruling filed by Essex and Rodgers Bros. on November 16, 2006. (Docket No. 82).

On December 11, 2006, this Court issued an Order of Referral seeking a R & R from the assigned Magistrate, Judge McCoun concerning the initial ruling on the care, custody or control issue. (Docket No. 92). Judge McCoun held an evidentiary hearing on January 31, 2007. Judge McCoun entered his R & R on June 5, 2007. (Docket No. 111).

Western World filed an objection on June 18, 2007. Essex filed its response to the objection on July 11, 2007. (Docket No. 120). Rodgers Bros. filed its response on July 12, 2007. (Docket No. 122).

## DISCUSSION

Under Florida law, care, custody or control provisions are generally considered ambiguous, and are, thus, construed even more strictly against the insurer than other provisions. Childtime

Childcare Inc. v. Colony Ins. Ins. *Co.*., 946 So. 2d 1205 (Fla. Dist. Ct. App. 1972); Mich. Mut. Liab. Co. v. Mattox, 173 So. 2d 754 (Fla. Dist. Ct. App. 1965); Phoenix of Hartford v. Holloway *Corp.*, 268 So. 2d 195 (Fla. Dist. Ct. App. 1965). Whether a care, custody or control provision applies is a fact-sensitive question of whether the property was in the *possessory* control of the insured at the time of the damage. Shankle v. VIP Lounge, Inc., 468 So. 2d 548, 549 (Fla. Dist. Ct. App. 1985) (citing Pheonix); Glens Falls Ins. Co. v. Fields, 181 So. 2d 187 (Fla. Dist. Ct. App. 1965); Mich. Mut., *supra.*

    The Magistrate ultimately found that the two machines he base unit and the tool changer ere separate machines, that the base unit was securely put in its final resting place per Pall specifications and that, while the tool changer was in the care, custody or control of Rodgers Bros., the base unit was not. (Docket No. 111 at 11). The Judge explained that Rodgers Bros. had relinquished all control of the base unit when it placed it in its designated place and removed all of its equipment from contact with it. Once it was placed, and the equipment withdrawn, possessory control had also been withdrawn. Therefore, consistent with the holdings of Michigan Mutual and Childitme Childcare, the base unit was no longer in Rodgers Bros. care, custody or control.

    The Magistrate properly likened this situation to the facts of Michigan Mutual. In that case, the insured, an electrical subcontractor, was denied coverage when the insurer claimed that an installed switchboard was under its care, custody, or control, and, thus, subject to the policy exclusionary provision. The subcontractor had completed work on the switchboard, but returned two months later, the subcontractor returned to do additional work under the contract. While on the site, the subcontractor activated a circuit breaker on the switchboard, which caused an explosion. The court found that the subcontractor had completed its task in regard to the

switchboard, even though the contract was still in effect, and additional work was required. Mich. Mut. Ins. Co., 173 So. 2d at 757.

The Magistrate also relied on the more recent holding of Childtime Childcare. In that case, a daycare center sought damages from a commercial carpet cleaner who, while in the course of performing work for the center, moved furniture and other items outdoors where they were damaged by rainfall. The cleaner insurance carrier denied the claim, citing a care, custody or control provision in the cleaner policy. The First District Court of Appeals held that the exclusionary provision did not apply because at the time the damage occurred, the property was not in the care, custody, or control of the cleaner. Once the cleaners finished the task of moving the items outside, they had been effectively returned to the daycare. Childtime Childcare, 946 So. 2d 1205.

Like the subcontractor in Michigan Mutual, Rodgers Bros. had completed its task of moving the base unit, even if it did have additional tasks to perform under its agreement with Pall. The job was completed, and, therefore, no longer in the care, custody or control of Rodgers Bros. Further, like the furniture in Childtime Childcare, even if Rodgers Bros. was to return to the machine at some future point, it had been rested outside of its immediate control, and had effectively been returned to Pall.

Pursuant to Rule 72(b), Western world has filed objections to the Magistrate Judge R & R. (Docket No. 112). Under the appropriate standard, this Court must review those issues of fact within the Magistrate Judge R & R that are objected to by any party under a de novo standard. See, *supra*, at 2. Western World seeks relief in the form a de novo determination that the base unit was in the care, custody or control of Rodgers Bros. at the time of damage, and a rejection of Judge McCoun R & R. This Court overrules Western World objections, and declines its

request for relief.  This Court finds that Judge McCoun  findings are correct and adequately supported by the record.

In its objection, Western World challenges the Magistrate  application of Florida law to conclude that, at the time of damage, the base unit was not in the possessory control of Rodgers Bros., and, thus, not subject to the general liability policy  care, custody or control exclusion.  Western World argues that while Rodgers Bros. had completed moving the base unit, properly positioning it according to Pell  specifications, the machine was still in its possessory control because the area was cordoned off from anyone other than Rodgers Bros. workers[1].

However, once Rodgers Bros. had delivered and placed the machine according to Pall's specifications, it had completed its contracted duty with regards to that machine.  The Magistrate properly likened this to <u>Childtime</u> when he concluded that "the property here belonged to a party other than the insured, and at the time of damage to the property, the insured maintained only a passive relationship to it." (Docket No. 111 at 13).

Once Rodgers Bros. completed the task of moving the machine, it had effectively been returned to Pall.  It is undisputed that Rodgers Bros. had no further contractual duty towards the milling machine, and that it was in its final place to the satisfaction of the machine's owner.  Even though there was additional work to be done (i.e., moving additional machines) the task of moving the milling machine was complete.  (*See also* Docket No. 111 at 12 (citing <u>Mich. Mut</u>.)).

In regards to Western World's challenge that the cordoned-off area prevented Rodgers Bros. from giving up possessory control, it easy to see that this was a measure taken for the safety of Pall's employees.  Rodgers Bros. did not maintain "exclusive" continuous control of the

---

[1] In its Objection, Western World takes exception to the R & R's characterization of care, custody or control provisions as "ambiguous."  It asserts that Florida law holds that such provisions are free from ambiguity and enforced when the damaged property is in the possessory control of the insured.  As the analysis still ultimately depends on whether the "possessory control" question, and the ultimate answer is the same, this Court does not address the issue of whether the provision is ambiguous or unambiguous.

property, as described by Western World.  Rather the cordoned off area was restriction of access set up set up by Pall agents, and designed to protect the safety of those who are not in the business of moving industrial machinery.  This does not create an extended term of possession, as suggested by Western World, but merely represents Pall's effort to keep its employees out of dangerous places.  To interpret this as "exclusive access" and "right of dominion" confuses the meaning of possessory control.  See Glens Falls Ins. Co., 181 So.2d at 189 (holding that a silo was still in the possessory control of its owner when he directed the actions of a crane operator, who had physical control of the silo.)

Western World also objects to the Magistrate's statement that "the [base unit] was in no different circumstance than any of the other assorted pieces of machinery within the Pall facility."  (Docket 111 at 13).  This challenge is answered by the discussion above.  The base unit had been returned to the possession of Pall regardless of its placement in a cordoned-off area.  Rodgers Bros. maneuvered the tool changer through the facility.  It could have been dropped and done damage to any number of machines throughout the facility.  In this way, it is in the same circumstance as described by the Magistrate Judge.

Western World also asks that the Court consider the intent of the two parties in entering the insurance agreement, because "[e]ven in insurance policies the central concern is to give effect to the intention of the parties." (Docket No. 112 at 9 (citing Excelsior Ins. Co. v. Pamona Park Bar & Package, 369 So.2d 938 (Fla. 1979))).  Its objection suggests that because Rodgers Bros. purchased a policy from Essex to cover damage to property in its care "while being moved" that Western World's policy was therefore never intended to cover those items.  This Court does not find the argument persuasive.  Again, it is undisputed that Rodgers Bros work with regards to the base unit was complete.  Rodgers Bros. had returned the machine to Pall, and, thus, it was no longer "being moved."  Rodgers Bros. damaged a piece of machinery that this Court has found

to not be in its care, custody or control. This is precisely the sort of damage the parties envisioned when entering the general liability policy. (See Docket 1-3 at 9; ("We will pay those sums that the insured becomes legally obligated to pay as damages because of… "property damage"….)).

## CONCLUSION

After conducting a de novo review of those portions the Magistrate Judge's findings and recommendations specifically objected to by Western World, and a clearly erroneous review of the remainder, this court adopt the R & R in full. This Court adopts the Magistrate's finding that the base unit had been effectively returned to Pall Aeropower at the time of damage, that is was not in the possessory control of Rodgers Bros., and as such, that it was not in the care, custody or control of Rodgers Bros. at the time of damage. Accordingly, it is

**ORDERED** that the Report and Recommendation dated June 5, 2007 (Docket No. 111), be **ADOPTED** and **INCORPORATED BY REFERENCE HEREIN**, the Objections (Docket No. 112) are **OVERRULED**, this Court defers ruling on all other pending motions to allow time for settlement negotiations and hereby **directs** the parties to file a status report on the case with the Court within thirty (30) days hereafter.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 7th day of August, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All

parties and counsel of record